### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARK A. HALE                              ) | |
|                                            ) | |
|       Plaintiff,              ) | |
|                                            ) | |
| v.                                         ) | Case No. CIV-04-1297-M |
|                                            ) | |
| MCI, INC.,                                 ) | |
|                                            ) | |
|       Defendant.             ) | |

### ORDER

Before the Court is Defendant's Partial Motion to Dismiss [docket no. 17], filed April 21, 2005. Plaintiff filed a timely response. On May 20, 2005, Defendant filed a reply. The motion has been fully briefed and is now ripe for adjudication. The Court, after considering the applicable law, and the parties' submissions, now GRANTS IN PART and DENIES IN PART Defendant's motion.

### INTRODUCTION

Plaintiff, an adult male over the age of 60, was employed as a field technician by Defendant until he was discharged on or about February 27, 2004. Plaintiff alleges that he was qualified for his position, that he performed his assigned duties in a satisfactory manner, and that his age was a significant, determining factor in Defendant's decision to discharge him. Plaintiff further alleges that younger employees, under circumstances similar to those of Plaintiff, were not terminated.

On October 8, 2004, Plaintiff filed a Complaint alleging (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and (2) wrongful discharge in violation of Oklahoma's public policy as evidenced by the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et seq*.

### STANDARD FOR DISMISSAL

Motions to dismiss a complaint for failure to state a claim should be granted "only [when]

it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of Plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in Plaintiff's complaint and view them in a light most favorable to the nonmoving party. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiff. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true the Plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

DISCUSSION

I.   *Burk* Claims

In *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), the Oklahoma Supreme Court recognized an exception to the employment-at-will doctrine when it held that "[a]n employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations." *Id*. The *Burk* exception "applies to only a narrow class and [is] tightly circumscribed." *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 545 (Okla. 2001). The exception will not apply if a federal or state statutory remedy "adequately accomplishes the goal of protecting Oklahoma public policy . . . ." *Id*. at 546.

Defendant argues that Plaintiff's *Burk* claims are precluded by the existence of an adequate federal remedy under the ADEA. Plaintiff contends that his *Burk* claim is not precluded because the remedies provided under the ADEA are not adequate as they are not coextensive or coequal to

the remedies provided to other victims of discrimination protected by the OADA.

In *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1014 (Okla. 1996), the Oklahoma Supreme Court held that the assertion of a *Burk* tort was precluded by the existence of an adequate federal remedy under the ADEA. Plaintiff asserts that the holding in *List* is overruled in *Collier v. Insignia Fin. Group*, 981 P.2d 321 (Okla. 1999). However, in *Clinton*, which was decided after *Collier*, the Oklahoma Supreme Court clarified the holding in *List* by articulating the rationale underlying the state law public policy tort as follows:

> The purpose of the public policy exception to the at-will-employment doctrine is to protect the state's public policy in the context of at-will employment. The *Burk* tort protects Oklahoma's public policy by ensuring there is a strong disincentive to any Oklahoma employer who might wish to discharge an at-will employee where the reason for the discharge violates Oklahoma's clear and compelling public policy.

*Clinton*, 29 P.3d at 546 (citation omitted). This decision makes clear that when determining the adequacy of a remedy for discrimination, the appropriate focus in on whether the remedy will discourage an employer from violating Oklahoma's public policy. *Id.* ("[A] federal statutory remedy may be as effective as an Oklahoma statutory remedy in dissuading employers from discharging employees for reasons that violate Oklahoma public policy. Accordingly, . . . the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precluded the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine."). This rationale stands in contrast to Plaintiff's arguments that determining the adequacy of a remedy should focus on factors such as whether victims of discrimination receive more or less financial compensation or confront limitations on damages.

Taken together, the holdings in *List* and *Clinton* make it clear that the ADEA is an adequate

federal statutory remedy, which precludes the assertion of a state law public policy tort claim for age discrimination. Accordingly, having carefully reviewed the parties' submissions and the relevant case law, the Court finds that Plaintiff's *Burk* claims should be dismissed.

## II.     OADA Claims

Defendant contends that to the extent Plaintiff attempts to assert an independent cause of action under the OADA, such claim should be dismissed because the OADA does not provide a private cause of action in favor of Plaintiff. In response, Plaintiff asserts that he "did not intend to, and does not now attempt to, pursue a private cause of action under the OADA." Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 1. Accordingly, the Court finds that Defendant's motion to dismiss any OADA claim should be denied as moot.

## CONCLUSION

For the reasons discussed in detail above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants Partial Motion to Dismiss [docket no. 17] as follows:

(1)     The Court GRANTS Defendant's motion to dismiss, and hereby DISMISSES, Plaintiff's public policy tort claims; and

(2)     The Court DENIES AS MOOT Defendant's motion to dismiss any OADA claims.

**IT IS SO ORDERED this 25th day of January, 2006.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE