**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CLARK A. HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1297-M |
| | ) | |
| MCI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This case is currently set on the Court's January, 2007 trial docket.

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 38], filed

October 2, 2006.  On November 8, 2006, Plaintiff filed his response, and on November 28, 2006,

Defendant filed its reply.  This matter has been fully briefed and is ripe for adjudication.

I.    <u>INTRODUCTION</u>[1]

Plaintiff was employed as a field technician by Defendant until he was discharged on or

about February 27, 2004, as part of a Reduction in Force ("RIF") which Defendant undertook to

realign its business in order to gain operational efficiency.  Plaintiff asserts that, despite being

qualified for his position and satisfactorily performing his assigned duties, he was selected to be

terminated by his immediate supervisor Rex Cooper ("Cooper") who was told to terminate one

employee under his supervision.  At that time, Plaintiff was 60 years old and the oldest employee

under Cooper's supervision.  Two younger employees, James M., 36 years old, and Ryan R., 32

years old, were retained.

Plaintiff asserts that age was a determining factor in Defendant's decision to terminate his

---

[1]The following facts are either undisputed or are described in the light most favorable to
Plaintiff.  Immaterial facts or factual averments not supported by the record are omitted.

employment, and on October 8, 2004, Plaintiff filed the instant action alleging (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and (2) wrongful discharge in violation of Oklahoma's public policy.[2]   Defendant seeks summary judgment on all of Plaintiff's claims.

II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341,

---

[2]The Court dismissed Plaintiff's public policy tort claims by a separate order entered January 25, 2006.

1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to

the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248).

Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of

action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp.

2d 1263 (W.D. Okla. 2005).

III.     DISCUSSION

ADEA claims are analyzed under the three-step framework set forth in *McDonnell Douglas*.[3]

*Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1165 (10th Cir. 2000).  Under the *McDonnell

Douglas* framework, a plaintiff bears the initial burden of establishing a prima facie case by a

preponderance of the evidence.  *Munoz*, 221 F.3d at 1165.  For purposes of the instant motion, the

Court assumes without deciding that Plaintiff has established a prima facie case.

Once the plaintiff establishes his prima facie case, the defendant must then articulate a

legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff.

*Id*.  Defendant asserts Plaintiff was selected for the RIF because Cooper believed he "would not

meet existing and future needs of the company, and therefore his selection for the RIF would cause

the least disruption to company operations."  Defendant's Motion at 14.  Specifically, Defendant

asserts that Plaintiff was "unable and/or reluctant to assume greater technical responsibility on the

new communication systems, including newer generation Nortel systems," that local service began

to predominate Defendant's business and that "Plaintiff lacked substantial skill, knowledge,

experience, and focus in working with local services and local communications systems, as Plaintiff

_____

[3]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

had worked primarily in long distance services." *Id.* at 15.   Defendant also asserts Cooper

determined that other individuals, specifically James M. and Ryan R., were stronger candidates than

Plaintiff in terms of being able to meet the company's existing and future needs.[4] *Id.* at 5.   The

Court finds that Defendant has met its burden to produce a legitimate, non-discriminatory reason

for terminating Plaintiff's employment.

"Once the employer has asserted a facially nondiscriminatory reason for its actions, the

plaintiff may still resist summary judgment, either by presenting evidence that the employer's reason

is pretextual, i.e., unworthy of belief, or by otherwise introducing evidence of a discriminatory

motive." *Danville v. Reg'l Lab Corp.*, 292 F.3d 1246, 1250 (10th Cir. 2002).  "'Pretext can be shown

by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally

find them unworthy of credence and hence infer that the employer did not act for the asserted

nondiscriminatory reasons.'"  *Id.* (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.

1997)).  "When assessing whether plaintiff has made an appropriate showing of pretext, [the court]

must consider the evidence as a whole."  *Danville*, 292 F.3d at 1250.   "The plaintiff retains

throughout the ultimate burden of proving that age was a determining factor in the challenged

decision."  *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1401 (10th Cir. 1988).

In his response, Plaintiff contends that his performance evaluations show that he exceeded

---

[4]It is undisputed that Ryan R. had extensive experience working with the newer generation Nortel system, had attended various Nortel schools and had worked as a Nortel installer prior to being employed by Defendant.  It is also undisputed that James M. had extensive experience in fusion fiber splicing and had worked as a fiber technician performing fusion fiber splicing work for approximately five years prior to being employed by Defendant, and that fusion splicing was Plaintiff's weakest area of performance.

the performance expectations and requirements for his position. Plaintiff further asserts that he was terminated despite being better qualified than two younger employees, James M., 36, and Ryan R., 32, who were retained. However,

> The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers. The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated.

*Bienkowski v. Am. Airlines*, 851 F.2d 1503, 1507-08 (5th Cir. 1988). Further, "[t]he relevant inquiry is not whether [the employer's] preferred reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City & County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) *(quoting Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999)). "It is the perception of the decision maker which is relevant, not plaintiff's perception of [him]self." *Pippin v. Burlington Res. Oil and Gas Co.*, 440 F.3d 1186, 1197-98 (10th Cir. 2006).

Therefore, the Court finds Plaintiff's opinion that he was more qualified than James M. and Ryan R. is insufficient to support a finding of pretext. Moreover, Defendant established that both James M. and Ryan R. were qualified for their positions as well.[5]

Additionally, Plaintiff admits that he has no evidence that MCI or its management instructed that older individuals be terminated as a result of the RIF, that he was never told that his age had anything to do with Defendant's decision to select him for the RIF, and that no one ever made derogatory comments to him based on his age. Plaintiff also admits that he cannot identify any other employee of Defendant who he believes was terminated because of age, and that he could not

---

[5]*See* n.2, *supra.*

identify any individual in the company who he believed had a discriminatory intent towards him due to his age.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether Defendant's explanation is pretextual.  Accordingly, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's ADEA claim.

IV.    CONCLUSION

For the reasons set forth in detail above, the Court finds that "Defendant's Motion for Summary Judgment" [docket no. 38] should be, and hereby is, GRANTED.

**IT IS SO ORDERED this 6th day of December, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE